IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CHRIS GRINDLING,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>MONICA CHUN, *et al.*,<br><br>　　　　　Defendants. | CV 16-00423 DKW-KSC<br><br>**ORDER DISMISSING CASE** |

## ORDER DISMISSING CASE

On August 29, 2016, Plaintiff Chris Grindling, proceeding pro se, filed a

First Amended Complaint against Defendants Monica Chun, Frances Sequeira, and

Lyle Antonio, alleging violations of federal law pursuant to 42 U.S.C. § 1983.

Because his First Amended Complaint suffered from the same deficiencies as his

original Complaint, the Court dismissed it pursuant to 28 U.S.C. § 1915(e), and

granted Grindling leave to file a Second Amended Complaint by no later than

October 28, 2016.  *See* 9/28/16 Order (Dkt. No. 10).  Grindling has yet to file a

Second Amended Complaint or respond to the Court's September 28, 2016 Order

in any other fashion.  As a result, this action is dismissed without prejudice.

Courts have the authority to dismiss actions for failure to prosecute or for

failure to comply with court orders.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626,

629-31 (1962) ("The power to invoke this sanction is necessary in order to prevent

undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). The Court has discretion to dismiss a plaintiff's action for failure to comply with an order requiring him to file an amended pleading within a specified time period. *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002). Before dismissing an action for failure to prosecute, the Court must weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Id*. at 642 (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

Upon careful consideration of these factors, the Court concludes that dismissal is warranted under the circumstances presented here. The Court's September 28, 2016 Order was clear:

> The dismissal of the First Amended Complaint is without prejudice, and Plaintiff is once more granted leave to amend to cure the deficiencies identified above.
>
> ****
>
> The amended complaint must designate that it is the "Second Amended Complaint" and may not incorporate any part of the original Complaint. Rather, any specific allegations must be retyped or rewritten in their entirety. Plaintiff may include only one claim per count. Failure to file an amended complaint by October 28, 2016 will result in the automatic dismissal of this action without prejudice.

2

****

> Based on the foregoing, the Court GRANTS the IFP Application and DISMISSES the First Amended Complaint with leave to amend.  Grindling is GRANTED leave to file a Second Amended Complaint by no later than **October 28, 2016** in order to cure the deficiencies noted in this order.

9/28/16 Order at 11-12.

Grindling's failure to comply with the Court's order hinders the Court's ability to move this case forward and indicates that he does not intend to litigate this action diligently.  *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal.").  This factor favors dismissal.

The risk of prejudice to a defendant is related to a plaintiff's reason for failure to prosecute an action.  *See Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991).  Grindling offers no excuse or explanation for his failure to file a Second Amended Complaint.  When a party offers a poor excuse (or, in this case, no excuse) for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal.  *See Yourish*, 191 F.3d at 991-92.  This factor favors dismissal.

Public policy favoring the disposition of cases on their merits ordinarily weighs against dismissal.  However, it is the responsibility of the moving party to prosecute the action at a reasonable pace and to refrain from dilatory and evasive

3

tactics. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Grindling failed to discharge the responsibility to prosecute this action despite the Court's express warnings about dismissal in its prior orders. *See* Dkt. Nos. 4 and 10. Under these circumstances, the public policy favoring the resolution of disputes on the merits does not outweigh Grindling's failure to file an amended complaint, as directed by the Court in its September 28, 2016 Order.

The Court attempted to avoid outright dismissal of this action by granting Grindling two opportunities to amend his allegations and providing specific guidance on how to do so. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."). Alternatives to dismissal are not adequate here, given the opportunities already provided, and Grindling's voluntary failure to comply with the Court's order. Under the present circumstances, less drastic alternatives are not appropriate. The Court acknowledges that the public policy favoring disposition of cases on their merits weighs against dismissal. On balance, however, because four factors favor dismissal, this factor is outweighed.

On the basis of the foregoing, the Court DISMISSES this action without prejudice and directs the Clerk of Court to close this case.

IT IS SO ORDERED.

Dated: November 8, 2016 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

Grindling v. Chun et al.; CV 16-00423 DKW-KSC; **ORDER DISMISSING CASE**